## Alice C. Forsyth v. Chicago Union Traction Company.

### Gen. No. 12,525.

CONTRIBUTORY NEGLIGENCE—*attempt to alight; when not, as matter of law.* In this case the following instruction was given:

"The court instructs the jury that if you believe from the evidence, under the instructions of the court, that the plaintiff voluntarily attempted to alight from said car at the time and place in

question, then the plaintiff cannot recover and you should find the defendant not guilty."

*Held*, that it was error to give such instruction, in that it was for the jury to determine whether or not the attempt to alight referred to in the instruction was or was not ordinary care when considered with respect to all the facts and circumstances in evidence.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed May 28, 1907.

**Statement by the Court.** Plaintiff in error brought an action on the case against defendant in error to recover damages for personal injuries alleged to have been sustained by her while a passenger on one of its cars. The second count of the declaration alleges that while plaintiff was a passenger upon an electric street car of defendant, exercising ordinary care for her own safety, an explosion occurred on said car, caused by the carelessness and negligence of the defendant, causing a loud report and a large amount of flame and smoke in said car, which explosion, flame and smoke caused a panic among the passengers in said car, by reason of which they made a rush for the rear door and platform of said car, and while plaintiff attempted to escape from danger, she was thrown from the car to the ground and injured, etc. The car was a closed car with seats running lengthwise and an aisle or passage between the seats. The controller was on the front platform. While running at the rate of six or seven miles per hour, there was a sudden flash and noise from the controller and flame shot out of it to the height of six or seven feet. A panic ensued among the fifteen or twenty passengers in the car and they rushed out onto the rear platform.

Plaintiff testified that the smoke and flames came into the car; that she was thereby very much scared and followed the crowd out to the rear platform, forgetting in her fright her two small children who were with her in the car; that she heard her children

scream, tried to reach them and they tried to get out to her, and that while she was trying to reach her children she was pushed off the car backwards and injured.

The testimony for the defendant tends to show that plaintiff was not pushed off the car, but voluntarily stepped or jumped from it.

JOHN F. WATERS and C. H. JOHNSON, for plaintiff in error.

JOHN A. ROSE and ALBERT M. CROSS, for defendant in error; W. W. GURLEY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The principal contention of plaintiff in error is that the court erred in giving for the defendant the following instruction: "The court instructs the jury that if you believe from the evidence, under the instructions of the court, that the plaintiff voluntarily attempted to alight from said car at the time and place in question, then the plaintiff cannot recover and you should find the defendant not guilty."

To attempt means: "to make an effort to effect or do, * * * to try with some effect." Century Dictionary.

Plaintiff testified that when she heard the explosion and saw the smoke and flames, she left her seat, rushed out on the rear platform; that when she got there she heard the cries of her children and tried to reach them. True, she does not in terms state that she rushed out on the platform for the purpose of leaving the car, but the jury might properly, from her acts, infer such a purpose, and if she went out on the rear platform for the purpose of leaving the car, then such act amounted to and was an attempt on her part to leave, to alight from the car. This instruction makes the mere attempt to leave the car fatal to plaintiff's right to a verdict. To make such an attempt on the

part of the plaintiff fatal to her right of recovery, it must appear both, that such attempt was a failure on her part to exercise reasonable care for her own safety, and that such attempt caused or contributed to cause the injury complained of.

It was plaintiff's duty at all times and under all circumstances to exercise ordinary care for her own safety, and if her failure to exercise ordinary care caused or contributed to her injury, she cannot recover. What is ordinary care under given facts or circumstances is a question of fact. Conduct which under ordinary circumstances would amount to and be negligence may not be inconsistent with the exercise of ordinary care on the part of a person who is suddenly confronted with imminent danger, or with supposed danger, if the facts and circumstances are such as create and justify the belief that danger is real and imminent. It was a question for the jury, under the evidence in this record, whether plaintiff's attempt to leave the car, if she did attempt to leave it, was a failure on her part to exercise ordinary care, but this instruction told the jury to find the defendant not guilty, if from the evidence they believed that she voluntarily attempted to leave the car.

In our opinion it was reversible error to give such instruction, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*